# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **KATHLEEN M. HAGEN,** )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>**JOHNSON & JOHNSON,** )<br>  SERVE AT:  Registered Agent )<br>    James Bergin, Esq. )<br>    One Johnson & Johnson Plaza )<br>    New Brunswick, New Jersey  08933 )<br>)<br>**JOHNSON & JOHNSON/MSD CONSUMER** )<br>  **PHARMACEUTICALS COMPANY and/or** )<br>**JOHNSON  & JOHNSON CONSUMER** )<br>  **COMPANIES, INC.,** )<br>  SERVE AT:  Registered Agent )<br>    James Bergin, Esq. )<br>    One Johnson & Johnson Plaza )<br>    New Brunswick, New Jersey  08933 )<br>)<br>)<br>**MENTOR WORLDWIDE, LLC,** )<br>  a/k/a **MENTOR CORP.,** )<br>  SERVE AT:  Registered Agent )<br>    The Corporation Trust Company )<br>    1209 Orange Street )<br>    Wilmington, Delaware  19801 )<br>)<br>**ETHICON, INC.,** )<br>  SERVE AT:  Registered Agent )<br>    Catherine Beath )<br>    Route 22 West )<br>    Somerville, New Jersey  08876 )<br>)<br>**JOHN DOES/JANE DOES 1-30,** )<br>)<br>**and** )<br>)<br>**UNKNOWN BUSINESSES and/or CORPORATIONS A-Z,** )<br>)<br>  Defendants. ) | 12-2129-JAR-KMH<br><br>Case No. _____ |

## COMPLAINT
### (Jury Trial Requested)

**COMES NOW** plaintiff, **Kathleen M. Hagen**, by and through her attorneys of record, and for her cause of action against the defendants, **Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., Johnson & Johnson/MSD Consumer Pharmaceuticals Company**, **Mentor Corporation, John Does/Jane Does 1-30** and **Unknown Businesses and/or Corporations A-Z,** hereby states and asserts as follows:

## PARTIES

1. Plaintiff **Kathleen M. Hagen** (hereinafter referred to as "Plaintiff") is an adult citizen, individual and resident of Parkville, Platte County, State of Missouri.

2. Defendant **Johnson & Johnson,** is a foreign corporation duly organized and existing under the laws of New Jersey with it conducting substantial business in the state of Kansas, with its principle place of business located at One Johnson & Johnson Plaza, in New Brunswick, New Jersey.  At all times relevant hereto, Defendant **Johnson & Johnson** was the owner and parent company of Defendant **Johnson & Johnson Health Care Systems, Inc**., Defendant **Mentor Worldwide, LLC** and Defendant **Ethicon, Inc.** and was in control of, and responsible for, the acts and omissions of said Defendants.  Defendant **Johnson & Johnson's** designated Registered Agent for service of process is James J. Bergin, Esq., who is located at One Johnson & Johnson Plaza, New Brunswick, New Jersey  08933.  In the alternative, defendant **Johnson & Johnson** may be served by process of this Court through United States Certified Mail pursuant to *Rule 4, F.R.Civ.P.*

3. Defendant **Johnson & Johnson Consumer Companies, Inc. and/or Johnson & Johnson/MSD Consumer Pharmaceuticals Company,** is a foreign corporation duly organized and existing under the laws of New Jersey with it conducting substantial business in the state of Kansas, with its principle place of business located at One Johnson & Johnson Plaza, in New

2

Brunswick, New Jersey. Defendant **Johnson & Johnson Consumer Companies, Inc. and/or Johnson & Johnson/MSD Consumer Pharmaceuticals Company** was at all times pertinent hereto acting through its agents, servants and employees, who were acting within the scope and course of their employment and/or agency. Defendant **Johnson & Johnson Consumer Companies, Inc. and/or Johnson & Johnson/MSD Consumer Pharmaceuticals Company**'s designated Registered Agent for service of process is James J. Bergin, Esq., who is located at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. In the alternative, defendant **Johnson & Johnson Consumer Companies, Inc. and/or Johnson & Johnson/MSD Consumer Pharmaceuticals Company** may be served by process of this Court through United States Certified Mail pursuant to *Rule 4, F.R.Civ.P.*

    4.    Defendant **Mentor Worldwide, LLC, a/k/a Mentor Corp or Mentor Corporation,** is a foreign corporation owned in whole or in part by Defendants **Johnson & Johnson** and/or **Johnson & Johnson/MSD Consumer Pharmaceuticals Company**, duly organized and existing under the laws of Delaware with it conducting substantial business in the state of Kansas, with its principle place of business located at 201 Mentor Drive, in Santa Barbara, California. Defendant **Johnson & Johnson** acquired Defendant **Mentor Worldwide, LLC** on January 23rd, 2009 to operate as a stand-alone business entity reporting through Defendant **Ethicon, Inc.** Defendant **Mentor Worldwide, LLC** was at all pertinent times hereto the agent of and under the direction and control of Defendants **Johnson & Johnson** and/or **Johnson & Johnson/MSD Consumer Pharmaceuticals Company** and/or Defendant **Ethicon, Inc.** The Defendant's designated Registered Agent for service of process is The Corporation Trust Company, which is located at 1209 Orange Street, Wilmington, Delaware 19801. In the alternative, defendant **Mentor Corp.** may be served by process of this Court through United States Certified Mail pursuant to *Rule 4, F.R.Civ.P.*

5. Defendant **Ethicon, Inc.,** is a foreign corporation owned in whole or in part by Defendants **Johnson & Johnson** and/or **Johnson & Johnson Consumer Companies, Inc. and/or Johnson & Johnson/MSD Consumer Pharmaceuticals Company**, duly organized and existing under the laws of New Jersey with it conducting substantial business in the state of Kansas, with its principle place of business located at Route 22 West, in Somerville, New Jersey. Defendant **Ethicon, Inc.** was at all pertinent times hereto the agent of and under the direction and control of Defendants **Johnson & Johnson** and/or **Johnson & Johnson Consumer Companies, Inc. and/or Johnson & Johnson/MSD Consumer Pharmaceuticals Company**. The Defendant's designated Registered Agent for service of process is Catherine Beath, who can be served at Route 22 West, Somerville, New Jersey  08876.  In the alternative, defendant **Ethicon, Inc.** may be served by process of this Court through United States Certified Mail pursuant to *Rule 4, F.R.Civ.P.*

6. Defendants **John Does/Jane Does 1-30** are those persons, agents, employees and/or representatives of Defendants whose conduct as described herein caused or contributed to cause the damages of Plaintiff Kathleen M. Hagen, all of whose names and legal identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained, individually and jointly.

7. Defendants **Unknown Businesses and/or Corporations A-Z** are unknown entities whose conduct as described herein caused or contributed to cause the damages of Plaintiff Kathleen M. Hagen, all of whose names and legal identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained, individually and jointly.

8. At all times relevant hereto, Defendants, manufactured, packaged and sold breast implants to hospitals, physicians and to patients, including Plaintiff, at a health care facility known as Overland Park Surgery Center, in Johnson County, Kansas, individually and/or by and

through its employees, servants, and/or agents acting within the course and scope of their employment, agency, and/or master servant relationship with Defendants.

9. Accordingly, Defendants are strictly liable and vicariously liable for the tortuous acts and/or omissions committed by its employees, agents, and/or servants under the doctrine of respondeat superior liability.

## JURISDICTION & VENUE

10. Jurisdiction is vested in this Court by virtue of *28 U.S.C. § 1332*, in that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

11. This Court has personal jurisdiction over all Defendants in this cause because they have done business in Kansas, committed a tort in Kansas, and have had continuous contacts with Kansas; specifically, these defendants have manufactured, distributed and sold a defective product in the state of Kansas.

12. Venue is vested in this Court by virtue of *28 U.S.C. §1391*, in that jurisdiction is founded upon diversity of citizenship, and a substantial part of the events giving rise to this claim occurred, within the district of this Court.

## FACTS

13. In February of 2008, 39-year-old Plaintiff **Kathleen M. Hagen** was diagnosed with breast cancer requiring her to undergo a bilateral mastectomy and six (6) rounds of chemotherapy from April until July of 2008.

14. In 2008, Plaintiff thoroughly researched and studied the safety, benefits, risks and complications of breast implants by reading literature from the Federal Drug Administration (FDA) and from Defendants publications, wherein she learned that while a rupture can occur in implants, such ruptures were described as "a tear or a hole in the outer shell," with no literature

stating that a risk or complication of implantation included a global rupture of an implant or that ruptures occur within the first year of implantation.

15. After completing treatment for breast cancer and relying on her research on the safety and risks of breast implants, Plaintiff underwent the surgical procedure of placement of bilateral tissue expanders in the fall of 2008 in order to prepare her chest for breast implants.

16. Following approximately five (5) months of tissue expansion, on March 25th, 2009, plastic surgeon John M. Quinn, M.D., performed upon Plaintiff **Kathleen M. Hagen** a bilateral tissue expander removal and placement of silicone gel implants at Overland Park Surgery Center in Overland Park, Johnson County, Kansas.

17. The implants that were placed in Plaintiff's chest wall were manufactured, packaged, distributed and sold to Dr. Quinn, Overland Park Surgical Center and Plaintiff **Kathleen M. Hagen** by Defendants with the implant being placed in the left chest being a "Mentor Smooth Rnd High Gel Breast Implant, Ref #350-5504BC, SN # 5847194-011 and Lot #5847194" containing 550 cc's of gel silicone and in the right chest being a "Mentor Smooth Round High Profile Gel, Ref #350-5504BC, Lot # 5859492 and SN #5859492-055" containing 550 cc's of gel silicone.

18. Approximately eleven (11) months after the implants were placed, on March 3rd, 2010, after Plaintiff's right breast swelled to twice its normal size and with Plaintiff in extreme pain, Dr. Quinn performed exploratory surgery to her right chest at South Kansas City Surgery Center in Overland Park, Johnson County, Kansas.

19. After sedating Plaintiff with general anesthesia, Dr. Quinn made an inframammary incision at which time "fluid issued forth under pressure where at least 80 cc of measured volume was removed and a serous-type fluid" and he noted "the implant itself was

6

ruptured, and it was so globally ruptured that it appeared to have been something that had been done in the past."

20. After removing and disposing of the globally ruptured implant, Dr. Quinn found "exudates material at the inferior-posterior portion of the pocket and various area that appeared to be previous hematomas within the capsule itself" in Plaintiff's chest.

21. After irrigating and washing the capsule with antibiotic solution, a permanent implant was placed in Plaintiff's right chest.

## DAMAGES

22. As a direct and proximate result of the negligence of Defendants, by and through their employees and agents, Plaintiff **Kathleen M. Hagen** was damaged and suffered pain, discomfort, excruciating procedures of needle aspirations to drain fluid from her chest wall, a surgical procedure to remove the implant, a rupture of her chest wall after placement of a new implant and having silicone gel spread throughout her chest wall following the rupture; she has suffered and incurred, and is reasonably expected to suffer and incur in the future: disability, disfigurement and accompanying mental anguish), (b) past medical expenses, and (c) she has suffered and will in the future continue to suffer mental anguish and emotional distress, loss of enjoyment of life.

23. As a direct and proximate result of the negligence of defendant, plaintiff has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## CAUSES OF ACTION

### Count I – Strict Liability

24. Defendants manufactured and sold the breast implant to Plaintiff **Kathleen M. Hagen** in a defective condition as it spontaneously globally ruptured without trauma or any other

7

incident to plaintiff's right chest, breached express warranties and/or failed to conform to other express factual representations upon which Plaintiff justifiably relied in electing to use the product.

25. The breast implant was sold by Defendants in the course of Defendants' business and was, at the time of its sale, in a defective and unreasonably dangerous condition when put to a reasonably anticipated use of surgical placement of the implant in Plaintiff's right chest wall.

26. The breast implant reached Plaintiff without substantial change in its condition at the time it was sold.

27. Although the implant was utilized by Plaintiff as anticipated by Defendants, the implant was defective, including, but not limited to its design, make-up and composition, and the global rupture less than a year after surgical placement.

28. As a direct and proximate result of the defective condition of the implant, Plaintiff sustained injuries and damages as aforementioned; therefore, Defendants are liable under the Doctrine of Strict Liability in Tort.

## Count II – Res Ipsa Loquitor

29. Defendants manufactured and sold the breast implant to Plaintiff **Kathleen M. Hagen**.

30. Defendants were in exclusive control of the breast implant in manufacturing, testing, packaging and distributing the implant to the surgical center where it was surgically placed in Plaintiff's right chest without any other individual or entity modifying the implant in any way.

31. The implant placed in Plaintiff's right chest was done so in a manner that was the reasonably anticipated use of the device.

32. The implant, manufactured, packaged, distributed and sold by Defendants, globally ruptured in Plaintiff's right chest less than a year after implantation which does not ordinarily occur in the absence of the implant being manufactured or constructed in a defective condition.

33. Neither Plaintiff nor any other individual acted or failed to act in any way which caused or contributed to cause the global rupture of the breast implant placed in Plaintiff's chest.

34. As a direct and proximate result of the global rupture of the implant, Plaintiff sustained injuries and damages as aforementioned; therefore, Defendants are liable under the Doctrine of Res Ipsa Loquitor.

## Count III – Negligence

35. The Defendants, and each of them, jointly and severally, breached their aforesaid respective duties and were thereby negligent including, but not limited to, one or more of the following respects, each of which was a proximate cause of Plaintiff's injuries and damages:

   (a) In manufacturing and selling to Plaintiff a defective implant;

   (b) In manufacturing and selling a breast implant to Plaintiff which globally ruptured less than a year after implantation;

   (c) In knowing or they should have known that the implant was defective prior to selling it;

   (d) In failing to perform their required duties, in the exercise of reasonable care, which would have discovered the defect in the implant;

   (e) In failing to properly test the implant or take reasonable steps to determine that the implant was not safe before releasing it to a consumer, namely, Plaintiff.

36. As a direct and proximate result of the negligence of Defendants, Plaintiff sustained injuries and damages as aforementioned.

## Count IV – Breach of Warranties

37. The Defendants, and each of them, jointly and severally, manufactured, assembled, fabricated and/or distributed the implant in question in a defective condition and therefore breached an implied warranty of fitness and an implied warty of merchantability, in addition to various express warranties.

38. The Defendants, as sellers, were merchants with respect to the products which they sold.

39. The implant was not fit for the ordinary purpose for which such a good is used.

40. Plaintiff used the implant as intended with Defendants knowing the purpose of the implant as well as knowing that Plaintiff would be relying on Defendants, the sellers, skills to furnish a suitable product that was free of any defect.

41. The Defendants have breached the implied warranty of merchantability as well as the implied warranty of fitness for a particular purpose, in addition to various express warranties. Such breach or breaches of implied and express warranties by the Defendants was a proximate cause of the injuries and damages sustained by Plaintiff.

42. The Defendants expressly warranted through its publications, brochures and pharmaceutical inserts, all of which Plaintiff relied upon prior to undergoing surgical implantation of the device, that a risk of breast implants does not include global rupture of the implant within the first year of placement or at anytime after placement.

43. The Defendants publications, available to the public and read by Plaintiff, warranted or promised that even ruptures, defined as "a tear or hole" in the shell, do not typically occur within the first three (3) years after implantation and there was no warning or stated risk in any literature provided by Defendants that a global rupture of the implant could occur at anytime after implantation for any reason.

## DISCOVERY RULE

44. The rupture of the implant and Plaintiff **Kathleen M. Hagen**'s knowledge of the rupture and the defective product did not distinctly manifest itself until she underwent exploratory surgery on March 3rd, 2010, after which time she learned of the ruptured implant manufactured and sold by Defendants. Consequently, the discovery rule applies to this case and the statute of limitations was tolled until the day Plaintiff knew that the implant had ruptured which occurred on the date of her surgery less than two (2) years ago.

## LOSS OF CONSORTIUM DAMAGES

45. At all times relevant hereto, Plaintiff has been lawfully married to William Hagen.

46. As a direct and proximate result of her aforesaid damages and injuries, Plaintiff has suffered and will in the future continue to suffer the loss or impairment of plaintiff's companionship, aid, assistance, comfort and society to her spouse.

**WHEREFORE**, plaintiff prays for judgment against Defendants for damages in an amount in excess of $75,000.00, exclusive of interest and costs, for his costs herein incurred, for any and all interest allowed under law, and for any and other further relief the court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable in this action.

**WATSON & DAMERON, LLP,**

*/s/ Russell S. Dameron*

By: Russell S. Dameron,   MO# 32055; KS Fed. # 70601
2500 Holmes Street
Kansas City, Missouri  64108-2743
Phone: (816) 474-3350
FAX:   (816) 474-3351
russ@kctriallawyers.com
**ATTORNEYS FOR PLAINTIFF**